UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

PATRICIA WATSON,

     Plaintiff,

vs.                             Case No. 13-cv-14112-GRAHAM

MEDICREDIT, INC.,

     Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES AND
INCORPORATED MOTION TO STRIKE
<u>ALLEGATIONS OF MALICIOUS CONDUCT</u>**

Defendant Medicredit, Inc. ("Medicredit") answers the Complaint ("Complaint") filed in this matter by paragraph number corresponding to those set forth in the Complaint, stating as follows:

1.     Admit that the Complaint so alleges, denied that Medicredit violated the statutes alleged.

2.     Denied.

3.     Admit that this Court has jurisdiction over the claims alleged. Without knowledge as to venue allegations.

4.     Without knowledge, strict proof demanded.

5.     Admitted.

6.     Admitted

7.     Admitted.

8.      Admitted.

9.      Medicredit is unable to admit or deny this allegation because it does not specify the debt in question.

10.     Admitted.

11.     Medicredit admits that it called Plaintiff and left messages for her on March 20th, March 26th, April 4th, April 6th, April 9th and April 11th, 2012.  Medicredit has not yet determined the content of the messages left matches the content of the messages alleged. Medicredit denies calling Plaintiff or leaving any messages on any of the other dates mentioned in this paragraph.  All other allegations denied.

12.     Denied.

13.     Medicredit admits that telephone messages may constitute communications under the FDCPA.  Otherwise denied.

14.     Denied.

15.     Denied.

16.     Medicredit admits that it did not contact Plaintiff for emergency purposes.

17.     Denied.

## COUNT I
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692E(11)

18.     Medicredit's response to paragraphs 1 through 17 are realleged and reaverred.

19.     Denied.

## COUNT II
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

20.     Medicredit's response to paragraphs 1 through 17 are realleged and reaverred.

21.     Denied.

### COUNT III
### AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)

22.     Medicredit's response to paragraphs 1 through 17 are realleged and reaverred

23.     Denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As its First Affirmative Defense, Medicredit states that the Federal Communications Commission ("FCC") has exclusive rulemaking authority under the TCPA.  Pursuant to that rulemaking authority, the FCC also issues orders providing guidance on interpretation and compliance with its provisions.  On January 4, 2008, the FCC adopted its Declaratory Ruling 07-232, in "In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."  In it, the FCC stated, inter alia:

> autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the "prior express consent" of the called party, and, that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.

And, referring to an earlier Order entered in 1992:

> persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary.

The Declaratory Ruling also states: "We conclude that the provision of a cell phone number to a creditor . . . reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt."  *Id.* at § III(A), ¶ 9.   For purposes of this provision, third-party debt collectors step into the shoes of the creditor on whose behalf they are

recovering the debt.  *In re: Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, ¶ 10 (F.C.C. 2007).

Plaintiff Patricia Watson ("Watson") gave the phone number called by Medicredit (xxx-xxx-4747) to Adventist Health System d/b/a/ Florida Hospital Heartland ("Florida Hospital") as her contact phone number when she received treatment there.  Florida Hospital placed the debt owed by Ms. Watson for that treatment with Medicredit for collection and at that time, also provided the number to Medicredit so that it could contact her at the number in attempting to collect that debt.  The calls made by Medicredit were to Ms. Watson at the number she provided to Florida Hospital as her contact number in connection with the transaction that resulted in the debt. Thus, Ms. Watson expressly consented to be called at that number with respect to the debt under the FCC's interpretation and guidance on the TCPA.  Accordingly, Plaintiff's claims for violation of the TCPA fail.

## SECOND AFFIRMATIVE DEFENSE

As its Second Affirmative Defense, Medicredit states that Plaintiff's claims for violation of the Telephone Consumer Protection Act ("the TCPA") are preempted by the provisions of the Fair Debt Collection Practices Act ("FDCPA"), which was specifically enacted to and regulates communications in the collection of consumer debts, whereas the TCPA was enacted solely for the purpose of regulating telemarketing calls, not calls placed in connection with collection of debts.  To impose liability on Defendant under the TCPA for communications which were not telemarketing calls, violates the intent and purpose of the TCPA.

## THIRD AFFIRMATIVE DEFENSE

As its Third Affirmative Defense, Medicredit states Plaintiff has failed to plead her claims with required particularity, failed to plead damages with required specificity, and has

sustained no actual damages.

## FOURTH AFFIRMATIVE DEFENSE

As its Fourth Affirmative Defense, Medicredit states to the extent that it violated the TCPA in connection with the calls made to Patricia Watson for collection of the debt owed to Florida Hospital, such violation was accidental and unintentional, not willful.

## FIFTH AFFIRMATIVE DEFENSE

As its Fifth Affirmative Defense, Medicredit states to the extent that it violated any provision of FDCPA in connection with collection of the debt owed by Watson, such violation occurred as a result of bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## MOTION TO STRIKE ALLEGATIONS OF MALICIOUS CONDUCT

Medicredit moves to strike the allegations in paragraph 2 of the Complaint that states that it "engages in a business plan, pattern and practice of malicious and despicable conduct by failing to disclose its name and status as a debt collector to consumers."  These allegations are made with no facts to support them, and are false and defamatory, as well as inflammatory. Accordingly, Medicredit moves to strike the claims set forth in paragraph 2 of the Complaint.

Dated: April 30, 2013.

Respectfully submitted by,


*/s/  Elizabeth M. Bohn*
Elizabeth M. Bohn, Esq.
Florida Bar No. 288047
**Jorden Burt LLP**
777 Brickell Avenue, Suite 500
Miami, FL 33131
Telephone:  (305) 347-6879
Facsimile:  (305) 372-9928
Email: eb@jordenusa.com
Attorneys for Defendant Medicredit, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses and Incorporated Motion to Strike Allegations of Malicious Conduct was served on April 30, 2013 by the Court's CM/ECF electronic mail system to those parties registered to receive electronic notices of filings in this case.

*/s/ Elizabeth M. Bohn*
Elizabeth M. Bohn
Florida Bar No. 288047

*#v208069*